# United States Court of Appeals

### For the Eighth Circuit

_____

No. 20-1659

_____

Seth Navratil

*Plaintiff - Appellant*

v.

Menard, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 30, 2020
Filed: December 3, 2020
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Seth Navratil appeals following the district court's[1] adverse grant of summary judgment in his diversity action based on premises liability. Upon careful de novo

_____

[1]The Honorable John M. Gerrard, Chief Judge, United States District Court for the District of Nebraska.

review, see Auer v. City of Minot, 896 F.3d 854, 858 (8th Cir. 2018) (standard of review), we affirm. We agree that Navratil failed to create a genuine issue of material fact as to whether the floor's condition was visible and apparent, and whether the condition was present long enough for Menard to discover and remedy it. See Ackerman v. U-Park, Inc., 951 F.3d 929, 934-35 (8th Cir. 2020) (plaintiff has burden to prove that landowner had constructive notice of condition that caused his injury; if condition was not visible and apparent, landowner is entitled to summary judgment because it was not required to see what could not be seen); Edwards v. Hy-Vee, Inc., 883 N.W.2d 40, 45 (Neb. 2016) (for defendant to have constructive notice of condition, it must exist for sufficient length of time prior to accident to permit defendant to discover and remedy it). We also agree that Menard did not engage in spoliation of the store's surveillance video warranting an adverse inference regarding its constructive knowledge of the floor's condition. See Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 747 (8th Cir. 2004) (where routine document retention policy has been followed, there must be indication of intent to destroy evidence for purpose of suppressing truth in order to impose sanction of adverse inference instruction).

The judgment is affirmed. See 8th Cir. R. 47B.

_____